John K Rounds, Esq., CA SBN 170531
Randall V Sutter, Esq., CA SBN 243040
Charles A Thornburg, Esq., CA SBN 344620
ROUNDS & SUTTER, LLP
674 County Square Ave., Suite 108
Ventura, CA. 93003
Tel: 805-650-7100;  Fax: 805-832-6315
Email: rsutter@rslawllp.com

Attorneys for Plaintiff Gary Peterson

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA  -  NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>    BRIAN MORGAN HEIT,<br><br>                                    Debtor.<br>_____<br><br>GARY PETERSON, an individual;<br><br>                                    Plaintiff,<br>vs.<br><br>BRIAN MORGAN HEIT, an individual.<br><br>                                    Defendant. | Case No.: 9:24-bk-10608-RC<br><br>**Chapter 7**<br><br>**Adversary Proceeding No.**_____<br><br>**The Honorable Ronald A. Clifford III**<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTIONS 523(a)(2), 523(a)(4) and 523(a)(6)**<br><br>Location:  U.S. Bankruptcy Court<br>                  1415 State Street<br>                   Santa Barbara, CA. 93101<br><br>(Hearing date to be set by summons) |

Pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) of the United States Bankruptcy Code, and Rules 4007 and 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure, Plaintiff Gary Peterson (hereinafter "Plaintiff") files this Complaint for Nondischargeability of Debt against the above-captioned debtor Brian Morgan Heit (hereinafter "Defendant" or "Debtor").  In support thereof, the Plaintiff states the following:

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334(b). The adversary proceeding relates to the Chapter 7 Bankruptcy Case of Brian Heit Morgan, pending in the United States Bankruptcy Court for the Central District of California – Northern Division, Case Number 9:24-bk-10606-RC ("Bankruptcy Case").

2. This Complaint is being brought pursuant to Rules 4007(a) and 7001(6) of the Federal Rules of Bankruptcy Procedure and the applicable Local Bankruptcy Rules.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J) because it concerns a determination as to the dischargeability of a debt. The Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court in this matter.

4. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

5. Plaintiff is seeking a determination that the debt owed by the Debtor to Plaintiff is nondischargeable under Bankruptcy Code §§ 523(a)(2)(A), (a)(4), and (a)(6).

## PARTIES

6. Plaintiff Gary Peterson is an individual residing in the County of Los Angeles, State of California.

7. Defendant Brian Morgan Heit is an individual residing in the County of Ventura, State of California. Defendant is an attorney licensed with The State Bar of California, State Bar Number 302474.

8. Plaintiff is informed, believes and thereon alleges that Adept Legal Counsel PC (*fka* ABG Law, PC and *fka* Heit Law Group, PC) ("Adept Legal") is a California professional corporation that is, or was duly organized, to do business in California with a principal place of business in Westlake Village, California, County of Ventura. Adept Legal filed a voluntary Chapter 7 Bankruptcy on May 20, 2024, in the U.S. Bankruptcy Court, Central District of California, Northern Division, Case Number 9:24-bk-10554-RC.

9. At all times herein mentioned, Defendant was an agent and employee of Adept Legal and was acting within the scope of such agency and employment of Adept Legal.

Defendant holds the offices of Chief Executive Officer (*or* President), Secretary and Chief Financial Officer of Adept Legal.

10. At all times herein mentioned, Defendant was a shareholder of Adept Legal.

11. Plaintiff is informed, believes and thereon alleges that Defendant is personally liable for Plaintiff's claims as set forth herein by virtue of the Standard Law Corporation Guarantee required by Rule 3.158(A)(1) of the Law Corporation Rules of the State Bar of California. This belief is further based on that Adept Legal holds itself out as professional law corporation and therefore must be registered with the State Bar of California to be authorized to practice law in California pursuant to California Business and Professions Code § 6161.

12. Defendant included the Plaintiff as a creditor in his Bankruptcy Case Schedule E/F as an unsecured creditor that further evidences the Defendant's personal liability to Plaintiff for the Plaintiff's debt. Defendant does not list any co-debtors for the Plaintiff's debt per Defendant's Bankruptcy Case Schedule H.

13. At all times herein mentioned, Defendant acted in a fiduciary capacity to the Plaintiff due to his position as an attorney and Plaintiff as his client. Due to the Defendant's act as a fiduciary, Defendant asserted a position of trust and confidence with the Plaintiff's property, finances and affairs and was bound by legal ethics to act in the best interests of the Plaintiff. Furthermore, Defendant was entrusted with Plaintiff funds by and through Adept Legal client trust account.

14. Plaintiff currently has an ongoing civil action complaint against Defendant and Adept Legal in the Superior Court of California, County of Ventura, Case Number 56-2022-00567933-CU-PN-VTA , filed July 12, 2022 ("State Civil Case"). The State Civil Case alleges a complaint for damages and other relief for the following causes of action: (1) Breach of Fiduciary Duty; (2) Professional Negligence; and (3) Breach of Contract. A copy of the State Civil Case is attached as "Plaintiff Exhibit 1."

## **GENERAL ALLEGATIONS**

15. On or about January 16, 2019, Plaintiff retained and employed Defendant and Adept Legal (*fka* Heit Law Group, PC) to represent Plaintiff as Plaintiff's attorneys at law in a

matter to be litigated against Napa Industries, LLC and its principals and affiliates (the "Napa Matter"). Defendant and Adept Legal accepted such employment and agreed to perform such services for Plaintiff.

16. On or about September 23, 2021, Defendant and Adept Legal terminated representation of the Plaintiff in the Napa Matter without justification and without taking reasonable steps to avoid reasonably foreseeable prejudice to the Plaintiff in violation of Rule 1.16 of the California Rules of Professional Conduct.

17. On or about November 6, 2019, Plaintiff retained and employed Defendant and Adept Legal (*fka* Heit Law Group, PC) to represent Plaintiff as Plaintiff's attorneys at law in a matter to be litigated against Aldabella Custom Crush Winery and Storage, LLC and its principals (the "Aldabella Matter"). Defendant and Adept Legal accepted such employment and agreed to perform such services for Plaintiff.

18. On or about September 23, 2021, Defendant and Adept Legal terminated representation of the Plaintiff in the Aldabella Matter without justification and without taking reasonable steps to avoid reasonably foreseeable prejudice to the Plaintiff in violation of Rule 1.16 of the California Rules of Professional Conduct.

19. In the legal representation of the Plaintiff in both the Napa Matter and the Aldabella Matter, Defendant and Adept Legal falsely represented to the Plaintiff the actual hours spent on litigation in the matters and billed for legal expenses not actually incurred during the course of representation. In addition, Defendant misrepresented the fees charged to the Plaintiff and billed for fees that were higher than agreed upon. Plaintiff relied on these representations by the Defendant to his detriment.

20. Furthermore, Defendant and Adept Legal failed to account for all the funds Plaintiff paid to the Defendant leading to a misappropriation of trust funds held by the Defendant.

21. In the legal representation of the Plaintiff in both the Napa Matter and the Aldabella Matter, Defendant and Adept Legal falsely represented to the Plaintiff that the Defendant was competent and knowledgeable to represent the Plaintiff in such litigation and

could perform such legal services with reasonable diligence. In fact, the opposite was true in that Defendant failed to properly plead the Plaintiff's claims, failed to conduct adequate discovery and was not prepared to litigate the matters for trial. Plaintiff relied on these representations by the Defendant to his detriment and as a proximate result of the Defendant's misrepresentations the Plaintiff has been damaged in an amount to be determined according to proof.

22. Plaintiff is informed, believes and thereon alleges that in the legal representation of the Plaintiff in both the Napa Matter and the Aldabella Matter, Defendant and Adept Legal misrepresented to Plaintiff that Defendant or Adept Legal did not have professional liability insurance when in fact Defendant or Adept Legal did indeed have professional liability insurance. Plaintiff believes that this misrepresentation was purposely done to dissuade Plaintiff and others from seeking legal claims against Defendant or Adept Legal for professional liability claims. Moreover, Defendant breached his fiduciary duty to be honest with the Plaintiff.

23. In the legal representation of the Plaintiff in both the Napa Matter and the Aldabella Matter, Defendant and Adept Legal falsely represented to the Plaintiff that Adept Legal was "ceasing operation and dissolving." The true fact was that Defendant and Adept Legal (*fka* Heit Law Group, PC) continued to operate their law practice—as it merely changed names only—until the Adept Legal bankruptcy filing.

24. Based on the above cited facts and circumstances, and upon further evidence to be presented in discovery and at trial, Plaintiff alleges that Defendant and Adept Legal defrauded Plaintiff by using Defendant's position of a trust as fiduciary to the Plaintiff.

**FIRST CLAIM FOR RELIEF**

**NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

**(Fraud Base Upon False Pretenses, False Representations, and Actual Fraud)**

25. Plaintiff realleges and incorporates by reference all of the information and allegations contained in each and every preceding paragraph as though fully set herein.

26. The Defendant's representations were false.

27. Defendant obtained money from Plaintiff by false pretenses, false representations, and actual fraud.

28. The Plaintiff had no knowledge of the falsity of the Defendant's conduct and representations. The Defendant knowingly and/or recklessly made such misrepresentations and concealments with the intention to mislead the Plaintiff in order secure Plaintiff's money. The Plaintiff was not aware of the falsity and misleading nature of the Defendant's statements or concealments at the time they were made.

29. Thus, Defendant obtained Plaintiffs' money and/or property by false pretenses, false representations, and/or actual fraud, other than a statement respecting the Debtor's or an insider's financial condition – all in violation of 11 U.S.C. § 523(a)(2)(A).

30. Plaintiff justifiably relied on Defendant's representations and was harmed as a result.

31. As a direct and proximate result of such conduct, Plaintiff sustained the damages according to proof at trial. Accordingly, Defendant's debt owing to Plaintiff is for money obtained by false pretenses, false representations and/or actual fraud, and should be held nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) together with prejudgment and postjudgment interest, plus costs and attorneys' fees as allowed by law, and/or otherwise allowed.

## SECOND CLAIM FOR RELIEF

## NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)

### (Defalcation and Fraud by a Fiduciary)

32. Plaintiff realleges and incorporates by reference all of the information and allegations contained in each and every preceding paragraph as though fully set herein.

33. Plaintiff entrusted money to Defendant to be safeguarded, accounted for, held in trust and used in the express manner stated in the attorney-client representation agreement.

34. Defendant owed a fiduciary duty because Plaintiff entrusted funds to Defendant by and through the Adept Legal trust account.

35. Defendant failed to account for all the funds Plaintiff paid to the Defendant leading to a misappropriation of trust funds held by the Defendant. Defendant also breached his fiduciary duty by failing to return funds to Plaintiff for legal services and expenses not provided.

36. Defendant owed a fiduciary duty to Plaintiff based on the attorney-client relationship established.

37. Defendant breached his fiduciary duty to Plaintiff by making fraudulent representations to the Plaintiff regarding Defendant's competence, ability and knowledge to represent the Plaintiff in litigation and that he could perform such legal services with reasonable diligence.

38. As a direct and proximate result of the Defendant's defalcation and fraud while acting in a fiduciary capacity, Defendant caused Plaintiff to suffer damages. Thus, the debt owed by Defendant to Plaintiff is and must be held nondischargeable by virtue of the provisions of 11 U.S.C. § 523(a)(4).

## THIRD CLAIM FOR RELIEF

## NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(6)

**(Willful and Malicious Injury by the Debtor to the Property of Another)**

39. Plaintiff realleges and incorporates by reference all of the information and allegations contained in each and every preceding paragraph as though fully set herein.

40. Based on the Defendant's willful and malicious conduct, Plaintiff suffered damages in the sum to be proven at trial and said damages should be held against Debtor as nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## PRAYER

**WHEREFORE,** Plaintiff prays for a Judgment against Defendant as follows:

(a) On all Claims for Relief that this Court determine the liability of the Defendant owing to the Plaintiff to be nondischargeable pursuant to the provisions of 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and/or (a)(6) respectively, in an amount to be determined at trial;

(b) For damages according to proof but expected to exceed one-million dollars ($1,000,000);

(c) For Plaintiff's reasonable attorneys' fees incurred in this Adversary Proceeding;

(d) For all costs incurred by Plaintiff in connection with these proceedings; and

(e) For such other and further relief as this Court deems just and proper.

Dated: September 3, 2024                **ROUNDS & SUTTER, LLP**

_____
By:  Randall V Sutter, Esq.
Attorney for Plaintiff

---

COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

- 8 -