# Plaintiff Exhibit 1

COPY

| | |
|---|---|
| Christina Vanarelli (242288)<br>**CHRISTINA VANARELLI, INC.**<br>A PROFESSIONAL LAW CORPORATION<br>674 County Square Drive, Suite 304<br>Ventura, CA 93003-9026<br>Ph: 805-507-0664  Fax: 805-456-0885<br>Christina@YourVenturaCountyLawyer.com<br><br>Attorney for Plaintiff, GARY PETERSON | VENTURA<br>SUPERIOR COURT<br>**FILED**<br><br>JUL 12 2022<br><br>BRENDA L. McCORMICK<br>Executive Officer and Clerk<br>By:_____, Deputy<br><br>D. HERNANDEZ |

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF VENTURA

| | |
|---|---|
| GARY PETERSON, an individual,<br><br>             Plaintiff,<br><br>      v.<br><br>BRIAN MORGAN HEIT, an individual;<br>ADEPT LEGAL COUNSEL PC, a California<br>corporation; and<br>DOES 1 through 25,<br><br>             Defendants. | Case No.  56-2022-00567933-CU-PN-VTA<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF**<br><br>1. Breach of Fiduciary Duty<br>2. Professional Negligence<br>3. Breach of Contract (Napa)<br>4. Breach of Contract (Aldabella) |

Plaintiff, Gary Peterson, alleges:

1.    Defendant Brian Morgan Heit ("Heit") is an individual residing in Ventura County, California, with his principal place of business in Ventura County, California.

2.    At all times herein mentioned, defendant Heit was licensed to practice law in the State of California.

3.    Defendant Adept Legal Counsel PC ("Firm") was formerly known as Heit Law Group Professional Corporation. Defendant Firm is, and at all times herein mentioned was, a professional law corporation organized and existing under the laws of California, with its principal place of business at 2239 Townsgate Road, Suite 203, Westlake Village (in the City of Thousand Oaks), Ventura County, California 91361.

4.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 25 and therefore sues these defendants by such fictitious names. Plaintiff

1

will amend this complaint to allege their true names and capacities when ascertained.

5. At all times herein mentioned, defendant Heit was an agent and employee of defendant Firm and in doing the things herein alleged was acting within the scope of such agency and employment.

6. At all times herein mentioned, defendants Heit and Does 1 through 10 were shareholders of defendant Firm.

7. At all times herein mentioned, defendants Heit and Does 1 through 10 were, and they still are, personally liable for Plaintiff's claims against Firm as set forth herein by virtue of the Law Corporation Guarantee required by Rule 3.158(A)(1) of the Law Corporation Rules of the State Bar of California.

8. At all times herein mentioned, each and every defendant was the agent and employee of each and every other defendant and in doing the things herein alleged was acting within the scope of such agency and employment.

9. On or about January 16, 2019, Plaintiff retained and employed defendant Heit and defendant Firm to represent Plaintiff as Plaintiff's attorneys at law in a matter to be litigated against Napa Industries, LLC and its principals and affiliates (the "Napa Matter"). Defendants accepted such employment and agreed to perform such services for Plaintiff. A true and complete copy of the retainer agreement for the Napa Matter is attached as Exhibit 1.

10. On or about November 6, 2019, Plaintiff retained and employed defendant Heit and defendant Firm to represent Plaintiff as Plaintiff's attorneys at law in a matter to be litigated against Aldabella Custom Crush Winery and Storage, LLC and its principals (the "Aldabella Matter"). Defendants accepted such employment and agreed to perform such services for Plaintiff. A true and complete copy of the retainer agreement for the Aldabella Matter is attached as Exhibit 2.

11. Defendants' representation of Plaintiff in the Napa Matter and the Aldabella Matter (collectively, the "Litigated Matters") terminated on or about September 23, 2021. Shortly thereafter, Plaintiff's newly-retained attorney obtained Plaintiffs' files from Defendants. After a review of those files, Plaintiff became aware of his claims against

2

**COMPLAINT FOR DAMAGES**

Defendants as set forth herein.

## FIRST CAUSE OF ACTION

### [Breach of Fiduciary Duty against All Defendants]

12.  Plaintiff incorporates into this First Cause of Action each and every allegation in Paragraphs 1 through 11 above.

13.  Between January 16, 2019 and September 3, 2021, Defendants breached their fiduciary duties owed to Plaintiff in the Litigated Matters, including:

    a.  Failing to perform legal services with competence, in violation of Rule 1.1 of the California Rules of Professional Conduct, including failing to adequately investigate Plaintiffs claims, failing to properly plead Plaintiff's claims, and failing to conduct adequate discovery, all of which resulted in several defendants and causes of action being dismissed from the Litigated Matters, and the cases (what was left of them) not being prepared for trial;

    b.  Failing to perform legal services with reasonable diligence, in violation of Rule 1.3 of the California Rules of Professional Conduct, including failing to adequately investigate Plaintiffs claims, failing to properly plead Plaintiff's claims, and failing to conduct adequate discovery in the Litigated Matters, all of which resulted in several defendants and causes of action being dismissed from the Litigated Matters, and the cases (what was left of them) not being prepared for trial;

    c.  Advising Plaintiff to be evasive and avoid answering questions during Plaintiff's deposition in the Napa Matter, which Plaintiff did and for which Plaintiff was sanctioned by the court;

    d.  Failing to adequately communicate with Plaintiff, in violation of Rule 1.4 of the California Rules of Professional Conduct, including failing to return Plaintiff's telephone calls and failing to keep Plaintiff reasonably informed about significant developments relating to the representation;

    e.  Failing to properly account for all funds Plaintiff paid to Defendants, in violation of Rule 1.15 of the California Rules of Professional Conduct;

    f.  Billing Plaintiff for expenses that were not incurred;

  g. Billing Plaintiff for fees higher than agreed to;

  h. Terminating the representation without justification and without taking reasonable steps to avoid reasonably foreseeable prejudice to the rights of Plaintiff, in violation of Rule 1.16 of the California Rules of Professional Conduct; and

  i. Coercing Plaintiff to accept Defendants' termination of the representation by falsely representing to Plaintiff that Firm was "ceasing operation and dissolving." The true fact was that Defendants continued operating their law practice, and they are still operating their law practice to this day. Defendants did not want to continue the representation of Plaintiff in the Litigated Matters because they had not adequately prepared the cases for trial.

14. As a proximate result of Defendants' breaches of fiduciary duties as set forth in Paragraph 13 above, Plaintiff had to retain new counsel and conclude the Litigated Matters by way of settlement for nuisance value.

15. As a further proximate result of Defendants' breaches of fiduciary duties as set forth in Paragraph 13 above, Plaintiff has been damaged in an amount according to proof but which is expected to exceed one million dollars ($1,000,000).

16. The conduct of Defendants set forth in Paragraphs 13.f, 13.g, and 13.i above were intentional misrepresentations, acts of deceit, and concealments of material facts known to Defendants with the intention on the part of Defendants of depriving Plaintiff of property and legal rights and otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

**[Professional Negligence against All Defendants]**

17. Plaintiff incorporates into this Second Cause of Action each and every allegation in Paragraphs 1 through 15 above.

18. In engaging in the conduct set forth in Paragraph 13 above, Defendants failed to exercise reasonable care and skill in undertaking to perform legal services for Plaintiff.

4

**COMPLAINT FOR DAMAGES**

19. Had Defendants exercised proper care and skill in the Litigated Matters, Plaintiff would not have had to retain new counsel and settle the Litigated Matters for nuisance value; rather, the Litigated Matters would have either proceeded to trial with a likely outcome in favor of Plaintiff, or settled for reasonable amounts.

20. As a proximate result of Defendants' negligence, Plaintiff has been damaged in an amount according to proof but which is expected to exceed one million dollars ($1,000,000).

## THIRD CAUSE OF ACTION

### [Breach of Contract (Napa Matter) against All Defendants]

21. Plaintiff incorporates into this Third Cause of Action each and every allegation in Paragraphs 1 through 16 above.

22. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the retainer agreement in the Napa Matter (Exhibit 1).

23. Defendants breached Section 11 of the retainer agreement in the Napa Matter by withdrawing from the representation without good cause.

24. Defendants breached the covenant of good faith and fair dealing that is implied in the retainer agreement for the Napa matter by engaging in the conduct described in Paragraph 13 above.

25. As a result of Defendants' breaches of the retainer agreement in the Napa matter, Plaintiff has has been damaged in an amount according to proof but which is expected to exceed seven hundred thousand dollars ($700,000).

## FOURTH CAUSE OF ACTION

### [Breach of Contract (Aldabella Matter) against All Defendants]

26. Plaintiff incorporates into this Fourth Cause of Action each and every allegation in Paragraphs 1 through 16 above.

27. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the retainer agreement in the Aldabella Matter (Exhibit 2).

5

**COMPLAINT FOR DAMAGES**

Plaintiff Exhibit 1

28. Defendants breached Section 8 of the retainer agreement in the Aldabella Matter by withdrawing from the representation without good cause.

29. Defendants breached the covenant of good faith and fair dealing that is implied in the retainer agreement for the Aldabella Matter by engaging in the conduct described in Paragraph 13 above.

30. As a result of Defendants' breaches of the retainer agreement in the Napa matter, Plaintiff has has been damaged in an amount according to proof but which is expected to exceed three hundred thousand dollars ($300,000).

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For damages according to proof but which are expected to exceed one million dollars ($1,000,000);

2. For an accounting of Defendants' receipt and use of all funds Plaintiff paid to Defendants;

3. For punitive damages;

4. For costs of suit; and

5. For such other and further relief as the Court may deem proper.

Dated: 07/11/2022

Respectfully submitted,

CHRISTINA VANARELLI, INC.
A PROFESSIONAL LAW CORPORATION

By: /s/ Vanarelli

Christina Vanarelli, Attorney for Plaintiff,
GARY PETERSON

DocuSign Envelope ID: 7C224983-FD64-46F7-8CD6-0B42F36C8216



**Brian M. Heit, Esq.**
Licensed in California and Florida

Offices in: Burbank, CA
Santa Cruz, CA
Riverside, CA

**Please remit correspondence to:**
3610 Central Ave., Suite 400
Riverside, CA 92506

CA Contact: (310) 744-5227
www.heitlawgroup.com

## ATTORNEY-CLIENT CONTINGENCY AGREEMENT

**HEIT LAW GROUP, P.C.** ("Attorney"), and **GARY PETERSON**, an individual("Client") hereby agree that Attorney will provide legal services to Client on the terms set forth below.

1.    **CONDITIONS**. This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the initial deposit, if any, called for under Paragraph 7.

2.    **SCOPE OF SERVICES**. Client hires Attorney to provide legal services for limited purpose of representing Client in a limited capacity for a limited duration to assist Client in pursuing his rights under the Consulting and Confidentiality Agreement between himself and Napa Industries, LLC, a Nevada Limited Liability Company. This Agreement does not include any legal defense services for counter-claims, cross-claims, or similar whether arising from or unrelated to Client's claims against Napa Industries, LLC. Should Client and Attorney agree that Attorney shall also represent Client in its defense against any of the previously mentioned claims against Client then it must be memorialized by a separate written retainer agreement. It is to be expressly understood that this agreement does not include any post-judgment enforcement or appeals.

3.    **RESPONSIBILITIES OF THE PARTIES**. Attorney will provide those legal services reasonably required to represent Client in its petition the claims described in Paragraph 2 and will take reasonable steps to keep Client informed of progress and developments, and to respond promptly to inquiries and communications. Client agrees to prepare all petitions and manage the relationship between Client and Payee, in addition Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information and developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills for costs on time, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client agrees to appear at all legal proceedings when Attorney deems it necessary, and generally to cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims.

1

Exhibit 1, Page 1 of 6

Plaintiff Exhibit 1

DocuSign Envelope ID: 7C224983-FD64-46F7-8CD6-0B42F36C8216

4. **LEGAL FEES**. Attorney will only be compensated for legal services on as detailed below:

Due to the commercial nature of this litigation and the omission of an express Attorney Fees provision within the Consulting and Confidentiality Agreement and the likelihood of prolonged litigation, Client agrees to make an Initial Payment due upon signing this Retainer in the amount of **Two Thousand Five Hundred Dollars ($2,500.00)** for Attorney Fees and **One Thousand Dollars ($1,000.00)** for filing fees. Client agrees to make another payment of **Two Thousand Five Hundred Dollars ($2,500.00)** every three months from the date of last Initial Payment during the duration of Attorney's continued representation for a maximum annual legal fee of **Ten-Thousand-Dollars ($10,000.00)**.

Payment Schedule:

| | |
|---|---|
| First Set | January 16, 2019 - $3,500 (Attorney Fees and Filing Fees) |
| Second Set | April 16, 2019 - $2,500 (Attorney Fees) |
| Third Set | July 16, 2019 - $2,500 (Attorney Fees) |
| Fourth Set | October 16, 2019 - $2,500 (Attorney Fees) |

**In addition**, in exchange for the reduced periodic flat-fee payments, Attorney shall be compensated on a contingency basis as **twenty percent (20%)** of the total monies collected.

Initial expressly stating that Attorney shall be entitled to a percentage of the Client's total recovery of monies.

_____CP_____         _____
Client                Attorney

In the event of Attorney's discharge or withdrawal as provided in Paragraph 11, Client agrees that, upon payment of the settlement, arbitration award or judgment in Client's favor in this matter, Attorney shall be entitled to be paid by Client a reasonable fee for the legal services provided. Such fee shall be determined by considering the following factors:

(1) The actual number of hours expended by Attorney in performing legal services for Client;
(2) Attorney's hourly rates;
(3) The extent to which Attorney's services have contributed to the result obtained;
(4) The amount of the fee in proportion to the value of the services performed;
(5) The amount of recovery obtained;
(6) Time limitations imposed on Attorney by Client or by the circumstances; and
(7) The experience, reputation and ability of personnel performing the services.

2

5. **NEGOTIABILITY OF FEES**. The rates set forth above are not set by law, but are negotiable between an attorney and client.

6. **COSTS AND LITIGATION EXPENSES**. Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses paid or owed by Client in connection with this matter, or which have been advanced by Attorney on Client's behalf and which have not been previously paid or reimbursed to Attorney. Costs, disbursements and litigation expenses commonly include court fees, jury fees, service of process charges, court and deposition reporters' fees, photocopying and reproduction costs, notary fees, long distance telephone charges, messenger and other delivery fees, postage, deposition costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultant, expert witness, professional mediator, arbitrator and/or special master fees and other similar items. Except for the items listed below, costs and expenses will be charged at Attorney's cost.

| | |
|---|---|
| In-office photocopying: | .10/page |
| Facsimile charges: | .25/page |
| Mileage: | .55/mile |
| Other: | |

Client understands that, as set forth in Paragraph 7 below, a deposit for costs may be required before the expenditure is made by Attorney.

If an award of fees and/or costs is sought on Client's behalf in this action, Client understands that the amount which the court may order as fees and/or costs is the amount the court believes the party is entitled to recover, and does not determine what fees and/or costs Attorney is entitled to charge Client or that only the fees and/or costs which were allowed were reasonable. Client agrees that, whether or not attorneys' fees or costs are awarded by the court in Client's case, Client will remain responsible for the payment, in full, of all attorneys' fees and costs in accordance with this Agreement.

Additionally, Client understands that if Client's case proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such award will be entirely the responsibility of Client.

7. **DEPOSIT**. Client agrees to pay Attorney an initial deposit for costs of **One Thousand Dollars and no/100 ($1,000.00)** to be paid along with this signed Agreement. Attorney will hold this initial deposit in a trust account. Client hereby authorizes Attorney to use that deposit to pay the costs, disbursements and other expenses incurred under this Agreement.

8. **MONTHLY BILLING STATEMENTS**. Attorney will send Client monthly billing statements for costs, disbursements and expenses incurred in connection with this matter. Each statement is to be paid in full within 15 days after the date of such statement.

9. **APPROVAL NECESSARY FOR SETTLEMENT**. Attorney will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. Client retains the absolute right to accept or reject any settlement. Client agrees to consider seriously any settlement offer Attorney recommends before making a decision to accept or reject

such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to Attorney.

10. **LIMITATION OF REPRESENTATION.** Attorney is representing Client only on the matter described in Paragraph 2. Attorney's representation does not include independent or related matters that may arise, including, among other things, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, or claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy.

This Agreement also does not include defending Client against, or representing Client in any claims that may be asserted against Client as a cross-claim or counter-claim in Client's case. This Agreement does not apply to any other legal matters. If any such matters arise later, Attorney and Client will either negotiate a separate agreement if Client and Attorney agree that Attorney will perform such additional legal work or Client will engage separate counsel with respect to the cross-claim or counter-claim or additional legal work.

11. **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time, upon written notice to Attorney. Attorney may withdraw from representation of Client (a) with Client's consent, (b) upon court approval, or (c) if no court action has been filed, for good cause and upon reasonable notice to Client. Good cause includes Client's breach of this contract, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter, or any other fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

Notwithstanding Attorney's withdrawal or Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, Client will remain obligated to pay Attorney for all costs incurred prior to the termination and, in the event that there is any net recovery obtained by Client after conclusion of Attorney's services, Client remains obligated to pay Attorney for the reasonable value of all services rendered from the effective date of this Agreement to the date of discharge.

12. **CONCLUSION OF SERVICES.** When Attorney's services conclude, all unpaid charges will immediately become due and payable. Attorney is authorized to use any funds held in Attorney's trust account as a deposit against costs to apply to such unpaid charges. After Attorney's services conclude, upon request, Client's file and property will be delivered to Client, or Client's other attorney, whether or not Client has paid any fees and/or costs owed to Attorney.

13. **LIEN.** No lien will be requested in this matter.

14. **RECEIPT OF PROCEEDS.** All proceeds of Client's case shall be deposited into Attorney's trust account for disbursement in accordance with the provisions of this Agreement.

15. **DISCLAIMER OF GUARANTEE.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Attorney makes no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Attorney's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that Attorney has made no promise or guarantees about the outcome.

16. **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

17. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

18. **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

19. **EFFECTIVE DATE.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of the Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

20. **EVERGREEN RETAINER.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. Further, this Agreement will *not* expired unless terminated in advance for cause.

21. **CONCLUSION OF SERVICES.** When Attorney's services conclude, whether by completing the services covered by this Agreement, or by discharge or withdrawal, all unpaid charges for fees or costs will be due and payable immediately. Client may have access to Client's case file at Attorney's office at any reasonable time. At the end of the engagement, Client may request the return of Client's case file. If Client has not requested the return of Client's file, and to the extent Attorney has not otherwise delivered it or disposed of it consistent with Client's directions, Attorney will retain the case file for a period of six (6) months after which Attorney is authorized by this agreement to have the case file destroyed. If Client would like Attorney to maintain Client's case file for more than six (6) months after the conclusion of Attorney's services for Client on a given matter, a separate written must be made between Attorney and Client, which may provide for Client to bear the cost of maintaining the file. In the event Client requests that Attorney transfer possession of Client's case file to Client or a third party, Attorney is authorized to retain copies of the case file at Attorney's expense. The case file includes Client papers and property as defined in Rule 3-700(D)(1) of the California Rules of Professional Conduct.

22. **PROFESSIONAL LIABILITY INSURANCE DISCLOSURE.** Pursuant to California Rule of Professional Conduct 3-410, I am informing you in writing that I *do not* have professional liability insurance.

23. **NO TAX ADVICE.** Attorney has not been retained to provide Client with any tax advice concerning any of the services described in paragraph 2. Any documents prepared by Attorney may have specific tax ramifications. To be sure Client understands and is certain of all the potential tax consequences, Client should consult with tax advisors regarding these matters.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM, AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF

5

**Exhibit 1, Page 5 of 6**

Plaintiff Exhibit 1

DocuSign Envelope ID: 7C224983-FD64-46F7-8CD6-0B42F36C8216

MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. THE CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

**CLIENT**

**GARY PETERSON**

_____     Dated: 1/16/2019
Signature

**HEIT LAW GROUP, P.C.**

_____     Dated: _____
Attorney – Brian M. Heit

6

**Exhibit 1, Page 6 of 6**

Plaintiff Exhibit 1



**HEIT LAW GROUP**
PROFESSIONAL CORPORATION

**Brian M. Heit, Esq.**
Licensed in California and Florida
**Phillip D. Viramontes II, Esq.**
Licensed in California

*Email Transmittals to:*
Brian@heitlawgroup.com
Phil@heitlawgroup.com
Donna@heitlawgroup.com
www.heitlawgroup.com

*Mail Transmittals to:*
340 South Lemon Avenue, Suite 8933
Walnut, CA 91789

California Offices - (310) 744-5227
Facsimile - (850) 254-1950

---

## COMMERCIAL LITIGATION RETAINER AND FEE AGREEMENT

**HEIT LAW GROUP, P.C.** ("Attorney") and **GARY PETERSON** ("Client") hereby agree that Attorney will provide legal services to Client on the terms set forth below.

    1.    **CONDITIONS.** This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the initial deposit called for under Paragraph 4.

    2.    **SCOPE OF SERVICES.** Client hires Attorney to provide legal services for limited purpose of representing Client against Aldabella Custom Crush Winery & Storage, LLC for its breach of contract and other business torts related to wine held in trust by Aldabella Custom Crush Winery & Storage, LLC.

    3.    **CLIENT'S DUTIES.** Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments that may come to Client's attention, to abide by this Agreement, to pay Attorney's bills on time, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client will assist Attorney in providing information and documents necessary for the representation in the described matter.

    4.    **DEPOSIT.** Client agrees to pay Attorney an initial deposit of One Thousand Dollars ($1,000) which is deemed earned upon receipt. If Client and Attorney agree that litigation is necessary and will commence, Client agrees to pay Attorney an initial deposit of Five Thousand Dollars ($5,000) which is deemed earned upon receipt.

---

30700 Russell Ranch Road
Westlake Village, CA 91362

4100 W. Alameda Avenue, Suite 300
Burbank, CA 91505

903 Cedar Street
Santa Cruz, CA 95060

**Exhibit 2, Page 1 of 5**

Plaintiff Exhibit 1

The fees for services will be charged against the deposit. The initial deposit, as well as any future deposits, will be held in a firm's trust account. Client authorizes Attorney to use that fund to pay the fees and other charges as they are incurred. Payments from the fund will be made upon remittance to Client of a billing statement. When deposit amount is earned and falls under One Thousand Dollars ($1,000), Client agrees to replenish the deposit amount back up to Five Thousand Dollars ($5,000).

The hourly charges and costs will be charged against the Deposit. The initial Deposit, as well as any future deposits, will be held in Attorney's Client Trust Account. Client authorizes Attorney to use that deposit to pay the fees and other charges. Client acknowledges that the deposit is not an estimate of total fees and costs to be charged by Attorney, but merely an advance. Client agrees that Attorney's right to recover fees and costs from the Deposit or any subsequent deposit held in Attorney's Client Trust Account becomes fixed ten (10) days after the date a bill is sent to Client. Client authorizes Attorney to withdraw the funds from Attorney's Client Trust Account to pay Attorney's fees and costs three (3) calendar days after the date a bill is sent to Client. If Attorney receives a written objection from Client within three (3) days of sending the bill, Attorney's right to withdraw the amount that is identified in the objection shall be deemed to be disputed, and Attorney will not withdraw the disputed fees and/or costs from the Client Trust Account until the dispute is resolved. If Attorney receives an objection from Client more than three (3) days after the date the bill is sent and after the funds have been withdrawn, Attorney will not be required to redeposit the disputed fees and/or costs into the Client Trust Account during the pendency of the dispute.

5.    **LEGAL FEES AND BILLING PRACTICES**. The rates set forth above are not set by law, but are negotiable between an attorney and client.

Client agrees to pay by the hour at Attorney's prevailing rates for all time spent on Client's matter by Attorney's legal personnel. Current hourly rates for legal personnel are as follows:

| | |
|---|---|
| Managing Attorney | $300/hour |
| Associate Attorney | $250/hour |
| Paralegals | $125/hour |

The legal personnel assigned to Client's matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative. Likewise, if more than one of the legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent.

The above stated rates are for work performed during normal business hours, which for purposes of our office is Monday through Friday 8:00 a.m. Pacific Time, through 6:00 p.m., Pacific Time if Client's matter or Client requests requires matters be worked on outside of those time an additional $50/hour shall be added to all above stated rates.

6.    **COSTS AND OTHER CHARGES.**

(a)    In general, Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses in

| | | |
|---|---|---|
| 30700 Russell Ranch Road<br>Westlake Village, CA 91362 | 4100 W. Alameda Avenue, Suite 300<br>Burbank, CA 91505 | 903 Cedar Street<br>Santa Cruz, CA 95060 |

**Exhibit 2, Page 2 of 5**

Plaintiff Exhibit 1

addition to the hourly fees. The costs and expenses commonly include fees fixed by law or assessed by public agencies, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other reproduction costs, any travel time from the Los Angeles office, that is in total, more than an hour duration of driving round-trip, or out of town travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses and consultants' fees and other similar items. Except for the items listed below, all costs and expenses will be charged at Attorney's cost.

| | |
|---|---|
| In-office photocopying: | .10 /page |
| Facsimile charges: | .25 /page |
| Mileage: | .55 /mile |
| Travel Billing Rate: | $200/hr |

(b)  **OUT OF TOWN TRAVEL.** Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorney's personnel. Client will also be charged the hourly rates for the time legal personnel spend travelling. Out of Town Travel is defined as travel outside of the City of Los Angeles, California.

(c)  **CONSULTANTS AND INVESTIGATORS.** To aid in the representation in Client's matter, it may become necessary to hire consultants or investigators. Client agrees to pay such fees and charges. Attorney will select any consultants or investigators to be hired, and Client will be informed of persons chosen and their charges.

7.  **BILLING STATEMENTS.** Attorney will send Client periodic statements for fees and costs incurred. Each statement will be payable within 15 days of its mailing date. Client may request a statement at intervals of no less than 30 days. If Clients requests, Attorney will provide the requested billing statement within 10 days. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

8.  **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Agreement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical. When Attorney's services conclude, all unpaid charges will immediately become due and payable. After services conclude, Attorney will, upon Client's request, deliver Client's file and property in Attorney's possession, whether or not Client has paid for all services.

9.  **DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

| | | |
|---|---|---|
| 30700 Russell Ranch Road<br>Westlake Village, CA 91362 | 4100 W. Alameda Avenue, Suite 300<br>Burbank, CA 91505 | 903 Cedar Street<br>Santa Cruz, CA 95060 |

**Exhibit 2, Page 3 of 5**

Plaintiff Exhibit 1

10. **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

11. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

12. **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

13. **EFFECTIVE DATE.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

14. **CLIENT APPROVAL NECESSARY FOR SETTLEMENT.** Attorney will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. Client retains the absolute right to accept or reject any settlement.

15. **CONCLUSION OF SERVICES.** When Attorney's services conclude, whether by completing the services covered by this Agreement, or by discharge or withdrawal, all unpaid charges for fees or costs will be due and payable immediately. Client may have access to Client's case file at Attorney's office at any reasonable time. At the end of the engagement, Client may request the return of Client's case file. If Client has not requested the return of Client's file, and to the extent Attorney has not otherwise delivered it or disposed of it consistent with Client's directions, Attorney will retain the case file for a period of six (6) months after which Attorney is authorized by this agreement to have the case file destroyed. If Client would like Attorney to maintain Client's case file for more than six (6) months after the conclusion of Attorney's services for Client on a given matter, a separate written must be made between Attorney and Client, which may provide for Client to bear the cost of maintaining the file. In the event Client requests that Attorney transfer possession of Client's case file to Client or a third party, Attorney is authorized to retain copies of the case file at Attorney's expense. The case file includes Client papers and property as defined in Rule 3-700(D)(1) of the California Rules of Professional Conduct.

16. **PROFESSIONAL LIABILITY INSURANCE DISCLOSURE.** Pursuant to California Rule of Professional Conduct 3-410, I am informing you in writing that I *do not* have professional liability insurance.

17. **NO TAX ADVICE.** Attorney has not been retained to provide Client with any tax advice concerning any of the services described in paragraph 2. Any documents prepared by Attorney may have specific tax ramifications. To be sure Client understands and is certain of all the potential tax consequences, Client should consult with tax advisors regarding these matters.

| 30700 Russell Ranch Road | 4100 W. Alameda Avenue, Suite 300 | 903 Cedar Street |
| Westlake Village, CA 91362 | Burbank, CA 91505 | Santa Cruz, CA 95060 |

**Exhibit 2, Page 4 of 5**

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. THE CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

GARY PETERSON

_____     Dated: 11-06-19
Signature

HEIT LAW GROUP, P.C.

_____     Dated: 11-06-2019
Attorney – Brian M. Heit

30700 Russell Ranch Road          4100 W. Alameda Avenue, Suite 300     903 Cedar Street
Westlake Village, CA 91362        Burbank, CA 91505                    Santa Cruz, CA 95060

Exhibit 2, Page 5 of 5

Plaintiff Exhibit 1